Beatrice Fortner JOHNSTON, Individually and as Next Friend of Dennis Fortner, Plaintiff–Appellee,

v.

CALIFORNIA REAL ESTATE INVESTMENT TRUST, d/b/a Northridge Apartments, Defendant.

Jack Swisher, Intervenor–Appellant.

No. 90–2268

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1990.

Neal D. Cannon, Jr., Martin & Cannon, Houston, Tex., for intervenor-appellant.

Neal W. Hirschfeld, Stern & Hirschfeld, Houston, Tex., for plaintiff-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

This case involves breach of a contingent fee agreement and raises the issue whether Texas substantive law allows an attorney to recover his full contingent fee from funds paid to the court for the benefit of an injured minor child. We are compelled to conclude that Texas law grants attorneys this remedy, and we must therefore vacate the judgment of the district court and remand for proceedings consistent with this opinion.

In November 1984, a young boy, Dennis Fortner, was injured in Montgomery County, Texas. Mr. and Mrs. Fortner consulted an attorney, appellant Jack Swisher, who agreed to represent the Fortners in seeking recovery for Dennis's injuries. The Fortners, individually and as next friends of their minor son, signed a contingent fee agreement giving Swisher a present, undivided one-third interest in any recovery for Dennis's injuries. After Mr. Swisher had received one settlement offer, the parents terminated Mr. Swisher and signed a second contingent fee agreement with another law firm. The case was subsequently settled for $75,000. The settlement was divided, with $25,000 going to the second law firm, $45,000 going to the court registry for the benefit of the child, and $5,000 going to the parents. Mr. Swisher intervened, seeking $25,000 as his fee under the contingent fee agreement.

The district court ruled that Mr. Swisher's contingent fee contract was terminated without good cause and that he is entitled to receive $25,000 from Mrs. Fortner indi-

vidually. Mr. Swisher contends that the district court erred by not awarding him $25,000 out of the funds deposited with the court.

We are bound by Texas substantive law, and according to it Mr. Swisher is correct. Under Texas law, he is entitled to receive the compensation specified in the contingent fee agreement. *See Mandell & Wright v. Thomas,* 441 S.W.2d 841, 847 (Tex.1969). Thus, we are forced to conclude that Mr. Swisher is entitled to receive $25,000 from the funds on deposit with the district court. Accordingly, we vacate the judgment of the district court and remand for proceedings consistent with this opinion.

Given the position taken by Mr. Swisher, the Texas Supreme Court's holding in *Mandell & Wright v. Thomas,* and our duty to apply Texas substantive law, this inequitable result is unavoidable. The Fortners sought a legal remedy to compensate their son for his injuries. In the end the injured child will receive less than $20,000 out of a $75,000 settlement, with the lawyers taking $50,000. Of course, Mr. Swisher could have avoided this unfortunate result by seeking only the reasonable value of his services. Perhaps in future the Texas courts may see fit to reconsider the appropriate measure of damages in such suits as this for breach of contingent fee agreements. Unless and until they do, results such as this must follow.

Bound by Texas substantive law, we have no choice but to VACATE the judgment of the district court and REMAND this matter for proceedings consistent with this opinion.